IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**OMEL McLEAN,**

        Plaintiff,

        v.                                                                            **Civil Action No.: 5:24-CV-11**
                                                                              Judge Bailey

**UNITED STATES OF AMERICA,**

        Defendant.

## REPORT AND RECOMMENDATION

### I. Background

On January 22, 2024, plaintiff initiated this *pro se* civil action by filing a complaint under the Federal Tort Claims Act ("FTCA") to recover damages resulting from an alleged failure by the BOP to provide adequate medical care and treatment. [Doc. 1]. The plaintiff is a federal inmate who, at the time the allegations occurred, was incarcerated at FCI Hazelton ("Hazelton") in Bruceton Mills, West Virginia.

Plaintiff alleges that medical staff refused to acknowledge his advance "warning" to them regarding his specific medical condition and further, to respond to his medical emergency [Doc. 1 at 6]. He claims that as a result, he now suffers from "permanent paralysis, constant pain, persistent numbness" [Doc. 1 at 9], "mental stress" and post-traumatic stress disorder" [Doc. 1 at 13] and must use a walker. [Doc. 1 at 9]. He seeks compensatory damages in the amount of $3,700,00.00 and punitive damages of $5,000,000.00. [Doc. 1 at 9].

Because his complaint failed to demonstrate that he had properly exhausted his administrative claim prior to filing his FTCA complaint, as mandated by 28 U.S.C. § 2675(a), the undersigned entered an Order directing plaintiff to file copies of the SF-95 Form he filed with the BOP, or any other evidence of exhaustion, along with any response he had received from the BOP within twenty-one (21) days. [Doc. 13]. Plaintiff responded to the Court's Order on March 22, 2024, indicating that subsequent to filing his complaint, he had, on January 25, 2024, submitted an SF-95 to the Bureau of Prisons. [Doc. 15]. He also attached copies of the Form and related correspondence. [Doc 15-1]. He requested damages for his injuries in the amount of $8,700,000.00. [Id.].

On April 1, 2024, Plaintiff requested an enlargement of time on the grounds that he had not yet received a response from the BOP to his SF-95 administrative claim submission. [Doc. 16]. By Order dated April 1, 2024, the Court granted the plaintiff an additional thirty (30) days, or until May 3, 2024, to "file any additional response he received regarding his administrative remedies." [Doc. 17]. On April 29, 2024, the plaintiff filed a Motion to Hold the Current Petition in Abeyance for the purpose of "allow[ing] the Federal Bureau of Prisons to respond to plaintiff's SF-95 Form Administrative Tort Claim." [Doc. 19 at 1]. Plaintiff provided supporting documentation which reflects, that while initially the BOP did not appear to have a record of his claim, his administrative claim is currently under consideration by the agency. [Doc. 19-1].

This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28

U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the Complaint be dismissed without prejudice.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See **Neitzke** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## III. Analysis

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent

---

[1] *Id.* at 327.

acts of agents of the United States. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. *Dalehite v. United States*, 346 U.S. 15, 30–31 (1953). The FTCA provides a limited, conditional waiver of sovereign immunity for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .." 28 U.S.C. § 2675(a).

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and further, that it satisfies the necessary elements of a tort claim under state law. It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit. *See* 28 U.S.C. § 2675; *see also Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993); *Dupont v. United States*, 980 F. Supp. 192, 195 (S.D. W.Va. 1997); *Johnson v. United States*, 906 F. Supp. 1100 (S.D. W. Va. 1995); *McCoy v. U.S.P.S.*, 890 F. Supp. 529, 531–32 (S.D. W. Va. 1995); *Hurt v. United States*, 889 F. Supp. 248, 252 (S.D. W.Va. 1995).

The first step in the FTCA process requires an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

4

28 U.S.C. § 2675(a). The administrative claim must be presented in writing to the appropriate agency within two years after it accrues. 28 U.S.C. § 2401(b). Suit may be filed in federal court within six months of notice of a final denial by the agency. Id. The failure of an agency to make a final disposition of a claim within six months after it is filed may be deemed a final denial for purposes of filing an FTCA complaint in federal court. 28 U.S.C. 2675(a). The BOP has adopted a Program Statement which explains, in detail, the procedure to be followed by inmates seeking to file an administrative tort claim with the Bureau of Prisons. Program Statement 1320.06 ("Federal Tort Claims Act"). The Program Statement includes instructions and explanations regarding how to obtain an SF-95, how to file it, time limitations, and what to expect in terms of the agency's processing, investigation and notifications to the inmate. Paragraph 7 ("Filing a Claim"); Paragraph 8 ("Processing the Claim").

Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements - such as filing of the administrative claim - is not only mandatory but is also "jurisdictional and may not be waived." **Henderson v. United States**, 785 F.2d 121, 123 (4th Cir. 1986). While the plaintiff herein did submit an SF-95, he did so *after* he had filed his complaint, and the law unequivocally requires that such claims must be presented *prior* to filing suit. See **McNeil v. United States**, 508 U.S. 106, 111 (1993) (underlying purpose of § 2675(a) includes allowing the federal agency "a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation."). Indeed, as this Court previously ruled, where an FTCA plaintiff likewise did not submit his SF-95 to the BOP until after his complaint was filed: "*Before* initiating an FTCA action, a plaintiff must have '*first* presented the claim to

5

the appropriate federal agency.'" **Dunham v. U.S**. **Penitentiary Hazelton, et al.**, No. 3:13-CV-102, 2014 WL 49677 (Feb. 6, 2014 N.D. W.Va.) at *3, citing 28 U.S.C.A. § 2675(a), (emphasis added).

Plaintiff herein does not contest the fact that he failed to exhaust his administrative remedies before filing his FTCA complaint. Accordingly, his "attempt to pursue an FTCA in this in this proceeding is premature" and is therefore subject to dismissal pursuant to § 2675(a). *Id.* at 7. Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

The undersigned recognizes that the plaintiff is a *pro se* litigant, however his lack of understanding regarding the requirements of properly exhausting his administrative remedy prior to the filing of suit for purposes of the FTCA is nonetheless not a defense to dismissal. See **Adeleke v. United States**, 355 F.3d 144, 153 (2d Cir. 2004) (citing 28 U.S.C. § 2675(a)) ("a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court" and "[t]his procedural hurdle applies equally to litigants with counsel as to those proceeding *pro se*.

## IV. Recommendation

For the reasons set forth above, it is the undersigned's recommendation that the Complaint be **DISMISSED WITHOUT PREJUDICE**, and that the pending Motion to Hold Current Petition in Abeyance [**Doc. 19**] be **DENIED AS MOOT**,

6

The parties shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last known address as reflected on the docket sheet.

**DATED**: May 6, 2024

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

7