IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**OMEL McLEAN,**

      Plaintiff,

v.                                                   **CIVIL ACTION No. 5:24-CV-11**
                                                        Judge Bailey

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 6, 2024, wherein he recommends that the Complaint be dismissed without prejudice, and that the pending Motion to Hold Current Petition in Abeyance be denied as moot. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 20 at 1–3].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objection [Doc. 23] to the Report and Recommendation on May 20, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendations

In the R&R, Magistrate Judge Mazzone found that because plaintiff does not contest the fact that he failed to exhaust his administrative remedies before filing his FTCA Complaint, the Complaint should be dismissed without prejudice.

### B. Objections

Plaintiff asserts the following objections:

Plaintiff objects to Complaint being frivolus (sic) and without merit of law or facts

Plaintiff objects to claim being baseless and having no chance at success

Plaintiff objects to not having tried to exhaust all the administrative remedies

[Doc. 23 at 2]. Plaintiff further states he "does contest to have failed to exhaust administrative remedies" and argues he should be given the opportunity to exhaust all administrative remedies.

### C. Analysis

As explained by Magistrate Judge Mazzone in the Report and Recommendation,:

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and further, that it satisfies the necessary elements of a tort claim under state law. It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit. See 28 U.S.C. § 2675; *see also* **Muth v. United States**, 1 F.3d 246, 249 (4th Cir. 1993); **Dupont v.**

3

*United States*, 980 F. Supp. 192, 195 (S.D. W.Va. 1997); *Johnson v. United States,* 906 F. Supp. 1100 (S.D. W. Va. 1995); *McCoy v. U.S.P.S.*, 890 F. Supp. 529, 531–32 (S.D. W. Va. 1995); *Hurt v. United States*, 889 F. Supp. 248, 252 (S.D. W.Va. 1995).

The first step in the FTCA process requires an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The administrative claim must be presented in writing to the appropriate agency within two years after it accrues. 28 U.S.C. § 2401(b). Suit may be filed in federal court within six months of notice of a final denial by the agency. Id. The failure of an agency to make

a final disposition of a claim within six months after it is filed may be deemed a final denial for purposes of filing an FTCA complaint in federal court. 28 U.S.C. 2675(a). The BOP has adopted a Program Statement which explains, in detail, the procedure to be followed by inmates seeking to file an administrative tort claim with the Bureau of Prisons. Program Statement 1320.06 ("Federal Tort Claims Act"). The Program Statement includes instructions and explanations regarding how to obtain an SF-95, how to file it, time limitations, and what to expect in terms of the agency's processing, investigation and notifications to the inmate. Paragraph 7 ("Filing a Claim"); Paragraph 8 ("Processing the Claim").

Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements - such as filing of the administrative claim - is not only mandatory but is also "jurisdictional and may not be waived." **Henderson v. United States**, 785 F.2d 121, 123 (4th Cir. 1986). [Doc. 20 at 4–5].

Plaintiff did submit an SF-95. However, he did so **after** he had filed his complaint. The law unequivocally requires that such claims must be presented prior to filing suit. See **McNeil v. United States**, 508 U.S. 106, 111 (1993) (underlying purpose of § 2675(a) includes allowing the federal agency "a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation."); **Dunham v. U.S. Penitentiary Hazelton, et al.**, 2014 WL 496777, at *3 (Feb.

6, 2014 N.D. W.Va.) (Groh, J.) ("Before initiating an FTCA action, a plaintiff must have 'first presented the claim to the appropriate Federal agency.'").

In his objections, plaintiff asserts how this Court should stay the above-styled case to allow him exhaust all administrative remedies. This Court will not grant a stay. In other prisoner litigation matters, this Court has entered a stay of the case while plaintiff/petitioner finishes exhausting his administrative remedies. Unlike in those cases, plaintiff here filed his SF-95 form **after** he had filed the instant Complaint. This Court will not stay the above-styled case because plaintiff did not first present the claim to the appropriate Federal agency. Thus, this Court agrees with Magistrate Judge Mazzone that plaintiff has failed to exhaust his administrative remedies and his Complaint must be dismissed without prejudice.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 20]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objections **[Doc. 23]** are **OVERRULED**. The Complaint **[Doc. 1]** is **DENIED and DISMISSED WITHOUT PREJUDICE**. The pending Motion to Hold Current Petition in Abeyance **[Doc. 19]** is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: May 20, 2024.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**